Devon K. Roepcke (SBN 028495)
LAW OFFICES OF DEVON K. ROEPCKE, PC
170 Laurel Street
San Diego, CA 92101
Tel: (619) 940-5357
Fax: (619) 354-4157
Email: droepcke@lawdkr.com
Attorneys for Plaintiff

Sabrina L. Green, Esq. (Pro Hac Vice)
STRATTON & GREEN, ALC
3703 Camino Del Rio South, Suite 100-B
San Diego, CA 92108
Tel: (619) 718-4820
Facsimile: (619) 718-4825
Email: sgreen@sglawcorp.com

Attorneys for Plaintiff **BOBA TEA COMPANY**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Boba Tea Company, a New Mexico corporation doing buiness in Arizona,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>Sunbird Ray Investments, LLC, an Arizonia limited liability company, , Fat Straw AZ Mills, LLC, an Arizona limited liability company,<br>Geng Wang, an individual,<br>Catherine Feng a.k.a Ying Feng, an individual and DOES 1 through 10, inclusive.<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR**:<br>　1) Misappropriation of Trade Secrets<br>　2) Copyright Infringement<br>　3) Unfair Competition<br>　4) Unjust Enrichment<br>　5) Intentional Interference with Business Expectancy<br>　6) Breach of Contract<br>　7) Conversion<br>　8) Fraud<br>　9) Aiding and Abetting<br><br>*DEMAND FOR JURY TRIAL* |

**COMPLAINT**

COMES NOW the Plaintiff, BOBA TEA COMPANY ("Plaintiff"), for its claims against the Defendants SUNBIRD RAY INVESTMENTS, LLC, FAT STRAW MILLS, LLC, GENG WANG, CATHERINE FENG, states as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is an action against the Defendants for Misappropriation of Trade Secrets, Copyright Infringement, Unfair Competition and related state claims; against the individual Defendants.

2. BOBA TEA COMPANY, INC., (hereinafter "BOBA" or "Plaintiff"), is a New Mexico Corporation which applied for authority to do business in Arizona with the Arizona Corporation Commission on October 1, 2014.

3. Defendant SUNBIRD RAY INVESTMENTS, LLC,(hereinafter "SUNBIRD"), is an Arizona limited liability company with its principal offices located in Gilbert, Arizona tha does business under the trade name Fat Straw.

4. Defendant FAT STRAW AZ MILLS, LLC (hereinafter "FAT STRAW MILLS"), is an Arizona limited liability company with its principal offices located in Gilbert, Arizona.

5. Upon information and belief, Defendant GENE WANG (hereinafter "WANG"), is an officer and member of SUNBIRD and is an individual residing in Gilbert, Arizona.

6. Defendant CATHERINE FENG, also known as YING FENG (hereinafter "FENG"), is an individual residing in Gilbert, Arizona.

7. Does 1 through 10 are entities or individuals whose names are unknown to plaintiff at this time and are therefore fictitious names pursuant to Rule 10(f) of the Arizona Rules of Civil Procedure. When the true identities of these entities become known, Plaintiff will move to amend this complaint.

8. Events complained of herein occurred in, or arose from, transactions and conduct occurring in whole or in part in Maricopa County, Arizona.

9. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332,

as there is complete diversity of citizenship between the parties, the amount in controversy exceeds $75,000 exclusive of interests and costs.

## GENERAL ALLEGATIONS

10.  BOBA has owned and operated speciality tea and boba drink boutique restaurants since 2005.

11.  Since the time of its inception, BOBA's owners have gone to incredible lengths to create unnique recipes for the drinks on their menu.  They traveled to Taiwan and Hong Kong, China to work with special labs in order to construct recipes for the syrups they utilize in their drinks and to come up with the exact combination of flavors for each drink they offer, as well as specialized machinery to make the drinks they specially developed.

12.  On July 21, 2014, Defendant WANG caused to be filed articles of organization for the formation of SUNBIRD with the Arizonia Corporation Commission. Defendant WANG is listed as the only member and designated as the agent for service of process for the company. The domestic address listed for Defendant SUNBIRD is 1888 S. Tucana Lane, Gilbert, Arizonia, 85295.  This address is designated as a single family residence and is owned solely by Defendant WANG.

13.  On or about August 4, 2014, Defendant FENG appled for a position with BOBA.  FENG subsequently signed "Employee Handbook Acknowlegement" and "Boba Tea Company Social Media policy" which included a confidentiality provision to not disclose BOBA's proprietary information and to protect BOBA's intellectual property.  The address listed on both Defendant FENG's employment application and her drivers license is the same address listed as the domestic address for Defendant SUNBIRD and is the single family residence owed solely by Defendant WANG.

14.  On November 12, 2014, Defendant WANG caused to be filed documents registering "FAT STRAW" as a trade name of Defendant SUNBIRD.  The business type was designated as a "Café, Beverage Shop".  Again, the address listed for FAT STRAW is that belonging to Defendant FENG on her employment application and drivers

license.

15. Defendant FENG worked for Plaintiff BOBA throughout 2015 learning every facet of BOBA, including how they conducted business, targeted clientele, targeted locations, sourced their ingredients, prepared all of their formulated beverages.

16. Defendant FENG also used her position to learn the identy of BOBA's specialty vendors, and suppliers. Defendant FENG had access to BOBA's proprietary information, unique drink recipes and copyrighted matieral such full eight page beverage menus, mini menus and wall menus.

17. On or about June 18, 2015, Defendants opened a competing boba tea business under the name FAT STRAW Gilbert, Arizona, only eleven (11) miles from BOBA, and began advertising on Facebook.

18. That same month, Defendant FENG suddenly quit her employment at BOBA and immediately became the manager at FAT STRAW.

19. Defendant FENG actively solicited BOBA's employees to work for her at the competing business. In fact, Defendant FENG utilized nearly verbatim the Craigslist job posting language BOBA utilized to procure the employment of Defendant FENG prior.

20. Defendant FAT STRAW's menu was identical to BOBA's. Both the drink recipes and the different drink sections (i.e., Creamy Drinks, Fruity Drinks, Edibles, etc.), set forth therein were identical to those of BOBA. Only the title/names of the individual drinks had been changed. For example, on BOBA's menu the first listing under its "Naughtea" drinks section all stated to contain "cream" and is entitled "Funky Monkey" which is described containing "bannana/strawberry/cream/green. Defendant FAT STRAW's first drink under its "Creamy Drinks" section was "Apes Escape" and decribed with the exact same recipe of ingredients of "banana/strawberry/green tea".

21. The identical combination of all ingredients occur to nearly all drinks and throughout the entire menu, which demonstrate FAT STRAW's brazen misappropriation of BOBA's highly competitive specialty drinks in the industry; which took BOBA years of marketing research and development, only to be entirely copied by FAT STRAW.

22. On January 28, 2016, Defendant "FAT STRAW AZ MILLS, LLC" was created by Defendant WANG. Again, Defendant FAT STRAW MILLS's listed address is that of Defendant FENG and the single family residence owned by Defedant WANG.

23. Defendants FAT STRAW and FAT STRAW MILLS are, for all intents and purposes, BOBA TEA restaurants. In fact, even the signage of the exterior is in the same form, font and other chracteristics as is displayed by BOBA in their store fronts.

24. Upon information and belief, Defendant WANG and Defendant FENG conspired to intentionally and unlawfully infiltrate BOBA through Defendant FENG's employment. Defendant FENG systematically utilzed her employment to illegally procure BOBA's confidential business plan, intellectual property and proprietary, or trade secret information. Defendants used their illegally obtained knowledge of vendors, ingredients, formulae, recipes, and copyrighted information to set up an exact knock-off of BOBA.

## COUNT I - MISAPPROPRIATION OF TRADE SECRETS
### (Against All Defendants)

25. Plaintiff re-alleges each and every allegation set forth herein.

26. Defendants WANG and FENG intentionally conspired to infiltrate Plaintiff BOBA with the sole purpose to open up their own knock-off of Plaintiff's hard earned and successful business.

27. Defendant FENG improperly used her position at BOBA to procure access to BOBA's protected and proprietary information such as BOBA's vendor information, customer information, sales information, business operation for a specialty drink facility; products quality control; technology in aid of drink production at retail locations; type of store location and lease negotiation, employee recruitment and training program; costs control as well as multi-level supplier information from ingredients import /export to tailored made equipments for the specialty drinks and know-how in the industry that are not generally known to the public.

28. BOBA took reasonable cautions under the circumstances to protect its trade

secrets, and all parties with access to the information were subject to obligation to maintain their secrecy.

29. BOBA's conidential business information is trade secret because it derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

30. FENG gained access to BOBA's confidential information and trade secret in the course of an employee-employer relationship and FENG was under an obligation to maintain the secrecy of the confidential information obtained during her employement with BOBA.

31. Defendant FENG then shared that illegaly acquired trade-secret information with all Defendants.

32. Defendants WANG and FENG intentionally commited the above complained of acts with malicious intent for the purpose of benefiting Defendants financially.

33. Defendants will receive ongoing benefits from its use of stolen materials and misappropriated information, even if damages are awarded against them.

34. The above conduct was willful and malicious, as evidenced by:
   a. Defendant WANG's creation of SUNBIRD and trade name of FAT STRAW at at the same time of hire by BOBA of Defendant FENG.
   b. Defendant SUNBIRD, FAT STRAW and FAT STRAW MILLS all have the same address of that of Defendant FENG as was indicated on her application and drivers license and is a single family residence owned by Defendant WANG.
   c. Defendant FENG quit BOBA and immediately began opperating the newly formed and opened identical restarant FAT STRAW, attempting thereafter to solicit BOBA's employees for employment at FAT STRAW.

35. The above conduct was willful and malicious and was committed with the intent to misappropriate Plaintiff's trade secrets in order to further their interests in a new competing restaurant. Defendants continue to utilize and serve drinks created and

1  developed by BOBA, without authorization.

2  36. Defendants' misappropriation of BOBA's trade secrets violates A.R.S. §44-401,
3  is a violation of Arizona's Uniform Trade Secrets Act, and has caused BOBA immedate
4  and irreparable hard, which will continue unless Defendants' conduct is enjoined.

## COUNT II - COPYRIGHT INFRINGEMENT

### (Against All Defendants)

37. Plaintiff re-alleges each and every allegation set forth herein.

38. Plaintiff has filed an application for copyright of of the "Secret" Suckermenue currently pending with The Unitied States Copyright Office.

39. Upon information and belief, Defendants intentionally misappropriated BOBA's "Secret" Suckermenu by incorporating all elements substantially similar to the BOBA's menu which took years of reserch, testing and revision to compile a menu that is unique to BOBA without BOBA's consent or authorization.

40. Defendants have infringed BOBA's copyrights in violation of 17 U.S.C. § 501 *et seq*.

41. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

42. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

43. Defendants' acts have damages and will continue to damage BOBA and BOBA has no adequate remedy at law.

## COUNT III – COMMON LAW UNFAIR COMPETITION

### (Against All Defendants)

44. Plaintiff re-alleges each and every allegation set forth herein.

45. The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Arizona.

46. Upon information and belief, Defendants have made and will continue to make substanial profits and gains to which they are not in law or equity entitled and suffer the

Plaintiff's to lose unfairly.

47. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

48. Defendants' acts have damaged and will continue to damage BOBA, and BOBA has no adequate remedy at law.

## COUNT IV- UNJUST ENRICHMENT
### (Against All Defendants)

49. Plaintiff re-alleges each and every allegation set forth herein.

50. The acts complained of above consitute unjust enrichment of Defendants at BOBA's expense in violation of the common law of Arizona.

51. Aside from any contractual duties owed to BOBA by Defendant FENG, via her employment with BOBA, once she left BOBA, Defendant FENG immeidately and unjusly enriched herself and all other Defendants at the expense of BOBA through the theft and use of stolen materials and information.

52. Defendant FENG intentionally infiltrated BOBA for the sole purpose to steal information and materials for her and all other Defendants' benefit.

53. As a result of Defendant FENG's acts, BOBA has had its proprietary and copyrighted information that it had invested heavily in acquiring stripped from them for use by the Defendants.

54. But for Defendants acts and unauthorized use of Plaintiff's proprietary and copyrighted information, BOBA would not have suffered the damages they are experiencing now.

55. Defendants only justification for their actions was for their own, illegal and malicious motives of economic benefit.

56. In absence of any contractual or other legal remedies for any portion of Defendants' conduct, restitution through the claim of unjust enrichment is a permissble common law legal remedy.

## COUNT V- INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY

### (Against All Defendants)

57. Plaintiff re-alleges each and every allegation set forth herein.

58. Arizona recognizes the tort of intentional intereference with business expectancies. *See, Edwards v. Anaconda Co.*, 115 Ariz. 313, 565 P. 2d 190 (App.Div2, 1977).

59. BOBA is continually negotiating for and acquiring business relationships and expectancies based upon its copyright materials and derivations therefrom.

60. Defendants intentionally and improperly have interferred with BOBA's relationships, propsepctive business relationships and business expectancy by infringing upon BOBA's copyrights.

61. Defendants interferred knowing that BOBA would continually be expanding in their market and negotiating with other third parties.

62. BOBA has been damaged and continues to be damaged by the loss of business relations and expectancies in an amount presently unknown but to be determined at trial.

## COUNT VI- BREACH OF CONTRACT

### (Against Defendant Catherine Feng a.ka. Ying Feng Only)

63. Plaintiff re-alleges each and every allegation set forth herein.

64. Upon hire with BOBA Defendant FENG reviewed and signed BOBA's employee handbook as well a Social Media Policy.  As part of the hiring documentation, Defendant FENG agreed not to diseminate "Confidential Company information", including:

- "Information about the business operation, financial history, company product, services, and /or customers"
- "Confidential information that deals with legal, financial history , and internal operations.  Basically, if you find yourself wondering if you can talk about something you learned at work—don't."

9
COMPLAINT

- "Sharing a stores layout"

65. Defendant FENG knew about the existence of the confidentiality agreement, but chose to intentionally breach the agreement by taking every piece of confidential information to utilize it to create a knock-off restaurant.

66. Defendant FENG conduct was both illegal, improper and reprehensible.

67. As a result of Defendant FENG's conduct, BOBA has will continue to suffer a varity of actual damages due to lost profits and loss of trade secrets and copyrighted material.

68. In addition, BOBA has suffered consquential damages in the form of lost territory and proprietary rights due to Defendants' operation of a competing restaurant in close proximity to BOBA.

## COUNT VII- CONVERSION

### (Against All Defendants)

69. Plaintiff re-alleges each and every allegation set forth herein.

70. BOBA owned and created all of the trade secrets, formulas, recipes and copyrighted materials that Defendant FENG stole on her and the other Defendants behalf.

71. Defendant FENG , and Defendants through Defendant FENG acting as their agent, intentionally took and possessed all the aforementioned materials and products that Defendant FENG stole for their own use and benefit.

72. Plaintiff BOBA had invested heavily in creating, developing and producing all the aforementioned ingredients, formulas, processes and copyrighted material which were intentionally stolen with planning aforethought by Defendants.

73. The stolen intellectual property was secured such that but for Defendants' theft, BOBA would not have suffered damages.

74. Defendant FENG and the other Defendants only justification was their own, illegal and malicious motives of economic benfit.

## COUNT XIII- COMMON LAW FRAUD

### (Against All Defendants)

75. Plaintiff re-alleges each and every allegation set forth herein.

76. Defendant FENG in concert with the other named Defendants, procured employment with BOBA with the sole purpose of stealing company information, know how, multi-level supplier information, ingredients and copyrighted information.

77. Defendant FENG in concert with the other named Defendants, concealed the fact that she only sought and gained employment with BOBA to steal information, a material fact, that Defendant FENG did not disclose to BOBA.

78. This material fact that Defendant FENG gained employment only to gain the information necessary to create an exact "knock-off" of BOBA was vital and material information to BOBA.

79. Defendant FENG in concert with the other named Defendants made false representations to procure her employment with BOBA, inclusive of her agreeing to provisions in the employee handbook and confidentiality of BOBA's information.

80. Defendant FENG's concealment of the material fact that she was attempting to steal from BOBA induced BOBA to hire what they thought was a good and loyal employee.

81. Defendant FENG in concert with the other named Defendants had knowledge of her concealment and false representations made recklessly and without regard for the actual truth with the sole intent to induce BOBA to hire her and teach Defendant all of the information Defendant would require to create a knock off BOBA. Defendants' conduct was willful and intentional.

82. BOBA actually relied upon Defendant FENG's misrepresentations and concealment of facts and was completely ignorant as to the falsity of Defendant FENG's representations and actions throughout Defendant FENG's employment.

83. As a result of Defendants' conduct, BOBA has suffered a variety of damages including, lost profits, stollen information and copyrighted materials, and attorneys' fees

and costs to attempt to protect their hard earned company trade secrets and copyrighted information.

## COUNT IX- AIDING AND ABETTING

**(Against All Defendants)**

84. Plaintiff re-alleges each and every allegation set forth herein.

85. Defendants FENG and WANG and all Defendants aided each other's efforts to cause the harm suffered by BOBA.

86. The underlying primary torts including, but not limited to unjust enrichment, tortuous interference with contract, coversion and fraud, occurred and will be proven by a preponderance of the evidence.

87. The Defendants had actual knowledge, or should have at least had a general awareness that their actions would cause direct harm to BOBA, which can be reasonable inferred from the cirumstances surrounding the underlying torts, as detailed above.

88. The circumstances described above, show that Defendants provided substantial assistance and encouragement to each other for the commission of the complained torts.

89. As a result of the Defendant's conduct, BOBA has suffered a variety of damages, including lst business opportunities, profits, general loss of good will amongst customers, and costs to remedy the damage and to secure against future damages and loss of good will.

## PRAYER FOR RELIEF

**WHEREFORE,** BOBA prays this Court enters judgment against Defendants as follows:

    a. For compensatory damages in a sum to be proven at trial;

    b. For Preliminary and Permanent Injunction restraining Defendants, their employees, agents and representatives from utilizing Plaintiff's misappropriated trade secrets and all copyrighted materials;

    c. For consequential damages in an amount to be proven at trial;

     d. Additional punitive or exemplary damages in the maximum amount permitted by law;

     e. Reasonable attorneys' fees and costs pursuant to A.R.S. §§12-341 *et seq.*;  and,

     f. For any further relief this Court deems appropriate and just in this case.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 11/17/16

/s  Devon K. Roepcke
Devon K. Roepcke (SBN 028495)
LAW OFFICES OF DEVON K. ROEPCKE, PC
170 Laurel Street
San Diego, CA 92101
Tel: (619) 940-5357
Fax: (619) 354-4157
Email: droepcke@lawdkr.com
Attorneys for Plaintiff